## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRIS LIGHTELL | * | CIVIL ACTION |
| VERSUS | * | NUMBER: |
| NORTHROP GRUMMAN SHIPBUILDING, INC. | * | SECTION: " " |

\* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The complaint of Chris Lightell, a person of the full age of majority who is domiciled in the Eastern District of Louisiana, with respect avers the following violations of his federally protected right under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, et. seq., the Americans with Disability Act (hereinafter ADA), 42 U.S.C. §12101 et seq., the Family Medical Leave Act (hereinafter FMLA)(29 U.S.C. § 2601 *et seq*.) and relative state law in the following respect:

1.

This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. §2000e, et seq., the Americans with Disability Act, 42 U.S.C. §12101 et

seq. and the Family Medical Leave Act (hereinafter FMLA), 29 U.S.C. § 2601 *et seq.*, as hereinafter more fully appears.  This court has jurisdiction over the action under 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1331.  The supplemental jurisdiction of this court is invoked for claims arising under the laws of the State of Louisiana.

2.

The defendant in this matter is:

Northrop Grumman Shipbuilding, Inc., an employer within the meaning of 42 U.S.C. §2000e(a) and 2000e(b), is a foreign Corporation authorized to do and doing business in the State of Louisiana, with CT Corporation System at 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana 70808 as its registered agent for service of process.

3.

At all times pertinent herein, Northrop Grumman was aware of the plaintiff's disability and status at the time of terminating his employment at Northrop Grumman as fully shown herein:

4.

The plaintiff is a Bipolar Caucasian man who was accepted in the defendant's apprenticeship program on January 28, 2008.  During the plaintiff apprenticeship employment, he was occasionally become ill and would be required medical attention.

5.

The apprentice was required to attend class once a week at Delgado Community College and work on the shipyard for practical training on scheduled

days. While on the shipyard working, he would be evaluated by an assigned supervisor, who in this instance was an African-American female.

**6.**

The defendant required its apprentice to attend all scheduled classes and employment training/work unless excused for medical reasons. The required employment/work training allowed the supervisor to evaluate the apprentice ability, knowledge and skill.

**7.**

On January 13, 2010, the plaintiff took ill and was placed on medical leave. From January thru May, 2010, the plaintiff was unable to work due to his medical condition, which Dr. David Persich, plaintiff treating physician, advised the defendant on March 30, 2010, that the plaintiff continues to be totally disabled and unable to work.

**8.**

Due to the plaintiff's medical condition, which disability had to do with his heart, Lung, Kidney and his surgery during May 2010.

**9.**

On June 15, 2010, while on medical leave, the plaintiff was terminated for failing two evaluations during his absence from work. The plaintiff termination was adverse employment action and indifferent treatment for reason that African-

Americans are treated differently under the same or similar circumstance. African-American apprentice that fail evaluations for any reason are not terminated but are permitted to continue in the apprenticeship program and their employment.

### 10.

On June 16, 2010, the plaintiff filed his grievance with Ms. Heather Stefan, Head of the Louisiana Apprenticeship Committee and the Louisiana Department of Labor regarding the indifferent treatment.

### 11.

On November 15, 2010, the Louisiana Department of Labor held a hearing, on the issue advanced by the defendant, on whether or not the plaintiff violated company policy, that is, misconduct connected with employment. It was determined that the defendant violated company policy when it performed an evaluation of the plaintiff while he was out on approved medical leave. There was no misconduct connected with the employment.

### 12.

The plaintiff suffered racial discrimination in violation of Title VII, Title VII retaliation, intentional infliction of emotional distress and indifferent treatment under the Americans with Disability Act of 1990, as amended.

### 13.

On August 17, 2010, the plaintiff filed a complaint with the Equal Employment

Opportunity Commission (EEOC) regarding the Civil Rights violations pursuant Title VII of the Civil Rights Act of 1964, Family Medical Leave Act, and the Americans with Disability Act of 1990, as amended. On August 4, 2011, EEOC issued the plaintiff a notice of right to sue.

**14.**

The plaintiff reserves her right to amend this complaint, prior to perfecting service of process, to fully particularize the events of discrimination as stated herein.

WHEREFORE, petitioner prays that after due proceeding had, there be judgment in favor of the plaintiff, Chris Lightell and against the defendant, Northrop Grumman Shipbuilding, Inc.,

1. Award compensatory damages to the plaintiff as would fully compensate him for pain and suffering caused by the violative conduct against him as alleged in the complaint.

2. Award punitive damages to the plaintiff as would fully sanction the defendant to deter future violative acts of discrimination.

3. Award judicial interest from date of demand on the aggregate damage amounts.

4. Award court cost and all equitable relief deemed appropriate by this court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and relative statutory provision of Title VII of

the Civil Rights Act of 1964, as amended.

>Respectfully submitted,
>
>/s/ Willard J. Brown, Sr..
>Willard J. Brown, Sr. #23405
>Michael E. Katz #7648
>829 Baronne St.
>New Orleans, LA 70113
>(504) 581-9322

## CERTIFICATE

I hereby certify that on this 4th day of November, 2011, I electronically filed the foregoing Complaint, with the Clerk of Court, by using the CM/ECF system which will send a notice of electronic filing to the following: CT Corporation System. I further certify that I mailed the foregoing document and notice of electronic filings by first class mail to the following non-CM/ECF participant: CT Corporation System.

/s/ Willard J. Brown, Sr.
Willard J. Brown, Sr.